# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC WAYNE CALLIHAN, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-1965 |
| vs. | : | (JUDGE MANNION) |
| WARDEN, USP-CANAAN | : | |
| Respondent | : | |

## MEMORANDUM

Eric Wayne Callihan, an inmate confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Callihan challenges the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. (Doc. 1). Callihan asserts that the BOP has "failed to comply and execute [his] sentence as set forth in [his] judgment and commitment order." Id. Specifically, Petitioner states that "at sentencing Judge Thomas D. Schroeder ordered that federal sentence was to run concurrent with two state cases which were all part of the same offense" and that "the state offenses of breaking and entering and the federal possession of a firearm were all part of the same criminal act" and the "BOP would not comply with this order and refuses to credit the time to federal sentence." Id. For relief, Petitioner seeks "26 months and 25 days credit against [his] federal sentence because that is

the total term served for the two state cases." Id.

Because the BOP has computed Callihan's sentence in accordance with policy and governing law, the petition will be **DENIED**.

I. **Background**

On April 24, 2008, Callihan was arrested by local law enforcement in Moore County, North Carolina on multiple state charges. (Doc. 8-1 at 9, Moore County Detention Center Release Report). On May 5, 2008, he was released on bond from these charges. Id.

On June 3, 2008, Callihan was again arrested by local law enforcement in Moore County, North Carolina, for additional multiple state charges and was released on bond from these charges on July 8, 2008. Id.

On August 13, 2008, Callihan was arrested by local law enforcement in Harnett County, North Carolina on multiple state charges. (Doc. 8-1 at 103, Harnett County Sheriff's Office Prisoner Control Record).

On September 17, 2008, while in custody on a writ, Callihan was sentenced to a forty-five day term of imprisonment, in Case #4CR002465 for a probation revocation (filed on August 13, 2008) and given a tentative October 12, 2008, completion date. (Doc. 8-1 at 9, Moore County Detention Center Release Report). He completed his state sentence and was returned to Harnett County custody on October 17, 2008. Id.

On April 13, 2009, while in Moore County custody on a writ, Callihan

was sentenced on Case #08CR051993, to 11 to 14 months with credit for 282 days of jail time credit; on Case #08CR051999, to 11 to 14 months consecutive to Case #08CR051993; on Case #08CR052598, to 14-17 months consecutive to Case #08CR05199; and on Case #08CR053809, to 14-17 months consecutive to Case #08CR052598. Id. Callihan was then delivered to the North Carolina Department of Corrections on April 22, 2009. Id.

On June 30, 2009, while serving the previously imposed state sentences from Moore County, Callihan was sentenced in Harnett County in Case #08CR054475, to 9-11 months with credit for 323 days of jail time credit; on Case #08CR054671, to 16-20 months consecutive to 08CR054475; on Case #08CR054799, to 9-11 months consecutive to 08CR054671; and on Case #08CR054801 to 16-20 months consecutive to 08CR054779. Id.

On July 6, 2009, Callihan completed the service of his state sentence in Case #08CR054475 and then began the service of his consecutive sentence in Case #08CR054671. (Doc. 8-1 at 76, Offender Sentence History).

On August 11, 2009, while serving the previously imposed state sentence, Callihan was sentenced in Richmond County in Case #08CR051500 (consolidated with Case #09CR51751), to 11-14 months with 36 days of jail credit. Id. The sentence began on August 11, 2009 and was completed on July 17, 2010. Id.

On August 22, 2009, Callihan completed the service of his state sentence in Case #08CR051993 and began the service of the consecutive

sentence in Case #08CR051999. Id.

On September 23, 2009, while in the custody of the United States Marshals Service, via writ, Callihan was sentenced in the Middle District of North Caroline to a 200 month term of imprisonment for possession of a firearm by a convicted felon, to be served consecutively to the state sentence Callhan was currently serving. (Doc. 8-1 at 113, Judgment in Criminal Case). Callihan was then appropriately returned to state custody to complete the service of his previous imposed state sentences. (Doc. 8-1 at 110, United States Marshals Service Prisoner Tracking System).

On August 27, 2010, Callihan completed the service of his state sentence in Case #08CR051999 and began the service of the consecutive sentence ordered in Case #08CR052598. (Doc. 8-1 at 76, Offender Sentence History).

On May 16, 2012, Callihan's federal sentence was amended to reflect a correction of the sentence on remand. (Doc. 8-1 at 120, Amended Judgement in a Criminal Case). His sentence was reduced to a 70 month term of imprisonment, and "to run concurrent with any undischarged portion of state cases 08CRS51993 and 08CRS51999 contained in paragraph 44 of the PreSentence report as of September 23, 2009, and consecutive to any other undischarged term of imprisonment." Id.

By letter dated August 1, 2013, the BOP Designation and Sentence Computation Center (DSCC) wrote to Callihan's sentencing judge to explain

that because Callihan had completed service of his sentence on 08CR051993 on August 22, 2009 and service of his sentence on 08CR051999 on August 27, 2010, prior to imposition of the amended judgment, the BOP could not run his sentence concurrent to those sentences and commenced his federal sentence on May 11, 2013, the date Callihan completed the remaining undischarged state sentences. (Doc. 1 at 17, August 1, 2013 Letter). The DSCC closed the letter with the following:

> I trust the information provided adequately explains the action taken by the Bureau of Prisons to meet the intent of the sentencing court. Should our sentence calculation not comport with the court's intent or further information be required, please feel free to contact Rome Armendariz, Operations Manager.

Id.

On November 26, 2014, the sentencing court issued a Memorandum Order, denying a "Motion to Clarify", filed by Callihan. (Doc. 1 at 19, Memorandum Order). Although the court determined that Callihan did not have a basis for relief in his request to clarify the sentence, and noted that a challenge to the BOP's sentence computation could be raised in a §2241 habeas petition, the judge reiterated its intent with respect to the concurrent and consecutive sentences ordered in the Amended Judgment. Id. Specifically, the Court stated:

> While dismissing Mr. Callihan's petition, this court notes that his complaint relates to the Bureau of Prisons' computation of credits for a certain State sentence(s) previously imposed. The current judgment imposing 70 months of imprisonment was entered on May 25, 2012, after a resentencing hearing following Mr.

Callihan's successful motion to have his original October 14, 2009 judgment imposing 200 months' imprisonment vacated because of a change in the law in the Fourth Circuit. In imposing the amended judgment (which was effective retroactively as of the date of the original September 23, 2009 sentencing hearing), this court expressed its intention to have Mr. Callihan's 70-month sentence run concurrently with a State sentence of imprisonment identified in his presentence report that involved related conduct and consecutive to the rest of the State sentences identified in his presentence report. More specifically, the court intended for the judgment to run consecutive to all terms of imprisonment except as to any undischarged portion of the State sentence imposed in State cases 08CRS51993 and 08CRS51999 (noted in paragraph 44 of the presentence report), which was undischarged as of September 23, 2009 –the date of Mr. Callihan's original sentencing hearing in this case. (See Doc. 93 at 2.) Thus, at sentencing, this court directed as follows:

> It is therefore ordered that you be committed to the custody of the United States Bureau of Prisons for a term of 70 months. That will run concurrent with any undischarged portion of your sentence in the state cases of 08CRS51993 and 08CRS51999, noted in paragraph 44 of the presentence report, as of September 23, 2009, that is, the date of your original sentencing. The sentence will run consecutive to any other undischarged term of – or any other term of imprisonment.
>
> Let me say for the record, the reason that I have decided to run the sentence concurrent with that in paragraph 44 of the presentence report is that that is conduct that occurred almost to the day – it was, actually, I believe both sides of the day involved in this incident. One is on the 21st and one is on the 22nd. So I think that is so closely related that it arises out of the same crime spree.
>
> The other paragraphs, in my view, of the presentence report involve unrelated conduct. There was a significant lapse in time where you could have made the decision to disengage from any further criminal activity, and for that reason, your sentence will run

> consecutive to any of the other sentences imposed for any of the other state crimes.

Id.

## II. Discussion

### A. Jurisdiction

It is not the sentencing court which determines if jail time credits should be granted towards a federal sentence, it is the BOP. See United States v. Wilson, 503 U.S. 329, 333-35 (1992); Edwards v. United States, 41 F.3d 154, 155 (3d Cir. 1994). The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. §2241 in the district where the defendant is imprisoned. United States v. Smith, 101 F.Supp. 2d 332, 338 (W.D. Pa. 2000); United States v. Donohue, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28, 1999). Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under §2241. See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976)(holding that where prisoner seeking federal habeas corpus relief challenges effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. §2255). Because Callihan is alleging that the BOP has failed to calculate his sentence correctly, he is properly before this court.

## B. Computation of Federal Sentence

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see, 18 U.S.C. §3585; United States v. Wilson, 503 U.S. (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. §0.96 (1992). See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. §3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit"). Section 3585 states, in pertinent part:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585.

Furthermore, BOP Program Statement 5880.28, Sentence Computation Manual - CCCA, provides that:

> [t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting sentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

It should also be noted that when a federal sentence is imposed on a defendant in state custody, the federal sentence may commence if the Attorney General agrees to designate the state facility for service of the federal sentence. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). However, such a designation is granted only when it is consistent with the intent of the sentencing federal court or with the goals of the criminal justice system. See Bureau of Prisons Program Statement 5160-05, Designation of State Institution for Service of Federal Sentence.

Moreover, federal law provides that, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," the sentencing judge may certainly order "the terms [to] run concurrently or consecutively." 18 U.S.C. §3584(a). However, unless the court clearly orders them to run concurrently, the default rule is that "[m]ultiple terms of imprisonment imposed at different times run consecutively." Id.

In the instant case, although it was the intent of the federal sentencing

court that Callihan's federal sentence be served concurrently with any undischarged portion of the related state sentences imposed in state cases 08CRS01993 and 08CR051999, Petitioner fails to consider the fact that he was serving numerous unrelated state cases during the same period of time. The period of time in question runs from September 23, 2009, the date in which the amended judgement was retroactively effective, through November 20, 2011, the date in which state case 08CR051999 was completed. During that period of time, Callihan was also serving unrelated state cases 07CR054475 (07/06/2009 - 01/10/2011); 08CR054801 (08/11/2009 - 07/17/2010); 08CR54672 (01/1/2011 - 10/29/2011); and, 08CR054799 (10/29/2011 - 05/11/2013). Callihan's federal sentence was ordered to run consecutive to any unrelated undischarged term of imprisonment. Thus, the BOP properly calculated the commencement of Callihan's federal sentence as May 11, 2013, the date he was released from state custody and was transferred to federal custody.

To the extent that Petitioner argues that he is entitled to credit for the time he served state cases 08CR051993 and 08CR051999, there are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. §3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit. See Willis v. United

States, 433 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. See United States v. Wilson, 503 U.S. at 337. Simply put, under Section 3585(b), the BOP may not grant presentence credit for time that has been credited against another sentence. Id.

Callihan seeks credit for 26 months and 25 days, for the time he served a state cases 08CR051993 and 08CR051999. Initially, the Court notes that state case 08CR051993 had been completed on August 22, 2009, prior to the imposition of Petitioner's federal sentence on August 23, 2009. Thus, section 3585(b) prohibits the BOP from granting prior custody credit for time served that has been credited against another sentence, including a sentence served for state charges. See Wilson, 503 U.S. at 337.

With respect to state case 08CR051999, the Court has previously set forth the additional non-related stated cases Petitioner was serving in

11

conjunction with state case 08CR051999, to which the federal sentence was to run consecutively. Once again, Petitioner's state sentence was already credited for the service of this state term. Moreover, to permit credit for the time Petitioner was serving 08CR051999, would be inconsistent with the federal sentencing court's judgment, which clearly stated that Petitioner's federal sentence was to run consecutive to any other unrelated undischarged term of imprisonment. Accordingly, Callihan's petition for writ of habeas corpus will be denied.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 29, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1965-01.wpd